UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathryn M Armstrong,

Plaintiff,

v.

ORDER
Civ. No. 00-2287 (MJD/SRN)

The Rose Law Firm, P.A.

Defendant.

---

Thomas J. Lyons, Jr. and Peter F. Barry for and on behalf of Plaintiff.

John K. Rossman, for and on behalf of Defendant.

---

This matter is before the Court upon its own motion to determine whether sanctions should be assessed against counsel for the parties regarding an incident in which Plaintiff's counsel sought an extension to file responsive briefs.

On August 16, 2001, counsel for Plaintiff, Thomas Lyons, called this Court's calendar clerk, as the parties could not agree on an extension for Plaintiff to file her responsive brief to Defendant's motion for summary judgment. Rule 7.1 of the Local Rules does not provide the means for a party to obtain an extension to file briefs ex parte. Rather, it provides that *they*, meaning the parties, may contact the calendar clerk to work out a schedule. In addition to improperly seeking an extension without input from opposing counsel, on August 16, 2001, Mr. Lyons sent Mr. Rossman a letter notifying him that he had been granted an extension to

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

file responsive briefs and to file a cross motion for summary judgment, when in fact, no such permission had been given.

In response to Mr. Lyons' conduct, Mr. Rossman put his objections in a letter to the Court. This letter was mailed and faxed to the Court, but only mailed to Plaintiff's counsel. Upon receipt of Mr. Rossman's letter, this Court scheduled a hearing for August 22, 2001, to determine whether sanctions should be assessed. At such hearing, Mr. Lyons indicated that he had not received Mr. Rossman's letter by fax, and was unaware of the purposes of the hearing until shortly before the hearing commenced. Mr. Rossman informed the Court that the letter had indeed been faxed to Mr. Lyons' office on August 16, 2001. The Court ordered the parties to provide documentation to support their contradictory assertions.

In post hearing documents, Mr. Rossman informed the Court that in error, his August 16, 2001 the letter had not been faxed to Mr. Lyons; that it had only been sent by mail.

The record in this case clearly shows that counsel for both the Plaintiff and Defendant are contentious, and that such contentious attitudes have lead Mr. Lyons to violate Local Rule 7.1(b)(2) and has lead Mr. Rossman to make untrue statements to the Court. Contentious attitudes do not serve the interests of the clients, or of the civil justice system. Accordingly, the Court deems it necessary that counsel attend ethics courses to avoid circumstances, such as this, from occurring in the future.

IT IS HEREBY ORDERED that counsel for Plaintiff, Thomas J. Lyons and counsel for Defendant, John K. Rossman are hereby sanctioned for their conduct, and ordered to attend an ethics course within sixty (60) days from the date of this Order. Confirmation of course attendance shall be filed with the Court.

Date: Sept. 19, 2001

Michael J. Davis
United States District Court