**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Kathryn M. Armstrong,**

**Civil No. 00-2287 (MJD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**The Rose Law Firm, P.A.**

**Defendant.**

---

Thomas J. Lyons, Jr., Esq., on behalf of Plaintiff.

John K. Rossman, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on June 10, 2002, on Plaintiff's Motion for Intent to Claim an Award of Attorneys' Fees (Doc. No. 52).

This Order addresses that motion.

## I. BACKGROUND

On October 12, 2000, Plaintiff filed the Complaint, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (Complaint.) Plaintiff sought the following relief: (1) $1,000 in statutory damages, pursuant to 15 U.S.C. § 1692k; (2) actual damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and (3) further relief as may be just and proper. Id.

On April 11, 2001, Plaintiff filed the Amended Complaint. (Amended Complaint.) In

SEP 05 2002
FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

the Amended Complaint, Plaintiff alleged that Defendant's debt collection practices also violated and misstated Minnesota collection law, resulting in violations of the FDCPA. Id. Plaintiff sought the identical relief in the Amended Complaint that she had sought in the Complaint. Id.

On September 12, 2001, both parties moved for summary judgment. On March 25, 2002, the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, issued an Amended Memorandum and Order. In his Order, Judge Davis found that the collection letter did not violate the Minnesota Statute that existed in the year 2000, the year the letter was sent. (Amended Order at 9.) Judge Davis also found, however, that Defendant's collection letter did not meet the FDCPA's notice requirements, and therefore, could mislead an unsophisticated consumer. (Amended Order at 7.)

Accordingly, Judge Davis granted Plaintiff summary judgment. Judge Davis denied Plaintiff actual damages, explaining that "Plaintiff has not pled or proven a specific amount of actual damages incurred." (Amended Order at 10.) He awarded Plaintiff $1,000 in statutory damages, however, which was the maximum amount available in the case. (Amended Order at 10-11.) Judge Davis then instructed Plaintiff's counsel to provide an affidavit outlining the fees and costs associated with the action. Plaintiff now seeks an award of $43,180.00 for attorneys' fees and costs (Supplemental Affidavit of Thomas J. Lyons Jr. (Lyons Aff.); Ex. A), and $1,475.29 in advances for various additional fees (Lyons Aff.; Ex. B.)

## II. DISCUSSION

The FDCPA contains a fee shifting provision. This provision states:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–

> (1) any actual damages sustained by such person as a result of such failure; . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

"Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (citation omitted). The Court has broad discretion in determining the amount of attorneys' fees that are reasonable in an FDCPA action. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 721 (3d Cir. 1989).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[1] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Assessing the reasonableness of a fee requires us to consider the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997). To determine a reasonable hourly rate, the Court should consider the prevailing market rate for similar services in the community where the litigation takes place when performed by "lawyers of reasonably comparable skill, experience, and reputation." McDonald v. Armontrout, 860 F.2d 1456, 1458-59 (8th Cir. 1988).

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in

---

[1]This approach is referred to as the lodestar method.

> addition to the attorney's own affidavits–that the requested raters are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

Blum v. Stenson, 465 U.S.886, 895 n.11 (1984).

"*Hensley* teaches that limited success on the merits is a factor in considering the reasonableness of the fee in relation to the results obtained. Id. at 719 (citation omitted).

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

Hensley, 461 U.S. at 437.

**A. Hourly Rates.**

Plaintiff's attorney seeks an hourly rate of $250 per hour for himself and his co-counsel Peter F. Barry. He explains that he increased his hourly rate on January 1, 2002, from the former rate of $200 per hour. Plaintiff's attorney explains that on November 16, 2000 in Soto v. Cabrera & Rephen, Civil No. 00-1731 this Court found his previous rate of $200 per hour reasonable. In addition, he states that in Sonmore v. CheckRite Recovery Services, Civil No. 99-2039, another FDCPA case, the Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, found rates of $200 and $350 per hour reasonable.

Defendant responds that Plaintiff's attorney's rate is unreasonably high. It explains that Plaintiff failed to provide evidence of the prevailing community standard for consumer attorneys. As an alternative, Defendant states that bankruptcy attorneys' hourly rates range from $100 to

$150 per hour. Defendant argues that these attorneys are analogous to Plaintiff's attorney, because they also represent financially distressed consumers who frequently end up in litigation.[2]

The Court finds the rate of $250.00 per hour ordinary and reasonable for prosecuting FDCPA cases in this community.

**B. Hours Reasonably Expended.**

Defendant argues that Plaintiff's attorney spent an unreasonable amount of time litigating the present case. It states that Plaintiff's entire case concerned a single collection letter. Hence, Plaintiff should have brought a motion for judgment on the pleadings shortly after instigating the suit. Defendant asserts that the additional time spent on discovery, motion practice, and dispositive motions was not reasonable. Therefore, according to Defendant, Plaintiff should not be reimbursed for this additional time. Further, Defendant observes that Plaintiff commenced four other FDCPA actions against other defendants in federal court. Defendant states that much of the time Plaintiff's attorney spent researching state law, and drafting the Complaint, was also necessary for these other four cases. Consequently, Defendant argues that it should not be obligated to pay these attorneys' fees.

Finally, Defendant asserts that Plaintiff's attorney spent an unreasonably large amount of time performing certain tasks in connection with the present suit.

Plaintiff responds that Defendant caused the protracted litigation in the present suit. She

---

[2]On June 24, 2002, the Court received a letter from a bankruptcy attorney named in the Affidavit of John K. Rossman. This attorney objected to Defendant's counsel making use of him and his client in the present suit. He stated that any information he exchanged with Defendant's counsel was solely for the purpose of settling a separate lawsuit. In addition, this attorney notes that his requested hourly rate for FDCPA contingency matters is actually $250.00. In addition, he states that Plaintiff's counsel has prosecuted many more FDCPA cases than he has.

states that Defendant made much of the discovery and briefing in this case necessary by pursuing the ultimately unsuccessful defense that the obligations arising from a worthless check do not constitute a debt under the FDCPA. Plaintiff also argues that given the simplicity of the case, Defendant should have made an Offer of Judgment under Fed. R. Civ. P. 68, to limit the amount of litigation necessary.

The Court finds that Plaintiff's attorney spent a reasonable amount of time working on the present case. Nothing in the record indicates that Plaintiff's attorney pursued unreasonably time consuming strategies. The Court recognizes that Defendant was free to pursue its theory of defense and incorporate it into a motion for summary judgment. But the result of Defendant's strategy was further litigation. And because its theory failed, Defendant is now obligated to pay the fees Plaintiff incurred while her attorney was responding to this defense. See McGowan v. King, Inc., 661 F.2d 48, 51 (5th Cir. 1981).

In addition, the Court does not find that the examples Defendant provides demonstrate that Plaintiff's attorney spent an unreasonable amount of time on the present case. The first entry records 19 hours of work performed over three days. In Plaintiff's attorney's original affidavit, this entry did not contain the three different dates at the bottom. Hence, the entry seemed to indicate that an associate attorney performed all 19 hours of work on March 9, 2001. The Court found this original entry concerning. But the Court was not surprised by the amount of time necessary for preparing the motion to compel. As a result, the revised entry, dividing the work into three days, appears reasonable.

In the rest of the examples, Plaintiff's attorney spent between 20 minutes and one hour reviewing various correspondence. Whether another attorney might have completed these tasks

in slightly less or more time, these entries also do not demonstrate an unreasonably large amount of time.

C. **Prevailing Party and Overall Success.**

Plaintiff argues that she obtained a complete victory in the present case, and therefore, is entitled to full attorneys' fees.

Defendant states that Plaintiff merely obtained a technical victory on the issue of statutory damages, but lost the issues of actual damages and violations of Minnesota law. Defendant maintains that the statutory damages issue was quite simple. Therefore, almost all of Plaintiff's attorney's time must have been spent on the issues of actual damages, and Minnesota state law. Defendant emphasizes that Judge Davis held against Plaintiff on both of these issues. As a result, Defendant contends that Plaintiff did not prevail on these issues, and she is not entitled to attorneys' fees in connection with them.

Under Jenkins, the Court should consider Plaintiff's overall success. In the present case, Plaintiff pursued actual damages but was awarded none. Therefore, she is not entitled to her attorneys' fees in connection with that claim. Nevertheless, Plaintiff's attorney committed very little time to arguing for actual damages. As Judge Davis stated in his Order, "Plaintiff has not pled or proven a specific amount of actual damages incurred." (Amended Order at 10.) Defendant also correctly observes that Plaintiff was unable to quantify her damages when asked about them during her deposition. Further, Plaintiff does not reference actual damages in her memorandum in support of summary judgment. As a result, the Court finds that Plaintiff's attorney spent virtually no time preparing a case for actual damages. Therefore, the attorneys' fees related to this issue are negligible.

With respect to the state law arguments, the correct evaluation is not one in which the Court examines Judge Davis' Order to determine exactly what was essential to Plaintiff's success on the issue of the FDCPA violation, and then attempts to determine what time was spent pursuing only those points. Such a procedure would be impossible, and, more importantly, does not appropriately measure reasonable attorneys' fees. Effective attorneys often make more than one legitimate argument in support of a larger issue. And while some of those arguments may not sway the court, they do not consequently become unreasonable. "[A] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit." Casey v. City of Cabool, Mo., 12 F.3d 799, 806 (8th Cir. 1993) (quoting Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991)). Therefore, the Court will not disqualify time committed to the Plaintiff's state law argument.

**D. Proportionality.**

Defendant argues that awarding Plaintiff the full amount of fees and requests she seeks would amount to a windfall. It stresses that the statutory damages totaled only $1,000, but that Plaintiff's attorney states the total fees and costs in connection with the suit total more than $40,000.

The Court finds that Plaintiff's attorneys' fees and costs are reasonably proportional. While they far exceed the statutory damage award in the present case, Plaintiff did not choose to create this disparity. Defendant aggressively defended this case, as was its right. It developed the theory that tendering a worthless check is a crime, and consequently, the obligations arising from that check do not constitute a "debt" under the FDCPA This defense produced a large amount of litigation, and significantly increased the number of hours Plaintiff's attorney

committed to this case. Ultimately, Judge Davis rejected Defendant's theory based on Eighth Circuit precedent.

The FDCPA contains a fee shifting statute to ensure that meritorious parties such as Plaintiff can attract competent legal representation. In the present case, Plaintiff's attorney achieved success on the statutory damages claim. In addition, her attorney's time sheets do not indicate that he expended wasteful amounts of time, or money during the course of representation. Therefore, the Court will award the full amount requested.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Motion for Intent to Claim an Award of Attorneys' Fees (Doc. No. 52) is **GRANTED**.

Dated: September 4, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge